**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | |
|---|---|
| MARTIN ZWANETZ,<br>8692 Doves Fly Way<br>Laurel, Maryland 20723<br><br>   Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION<br>999 Lake Drive<br>Issaquah, Washington 98027<br><br>   Serve: The Corporation Trust, Incorporated<br>   Resident Agent<br>   2405 York Road<br>   Suite 201<br>   Lutherville Timonium, Maryland 21093<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No. 1:19-cv-3491<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT & DEMAND FOR TRIAL BY JURY**

Comes now Martin Zwanetz ("Mr. Zwanetz" or the "Plaintiff"), by and through undersigned counsel, and as and for his complaint (the "Complaint") against Costco Wholesale Corporation ("Costco" or the "Defendant") states as follows:

**Parties**

1.      Mr. Zwanetz is a natural person who is a citizen of the State of Maryland by virtue of his ongoing domicile in Howard County, Maryland.

2.      Costco is a corporation formed pursuant to the laws of the State of Washington, with its principle place of business being in Issaquah, Washington.

3.      Costco is registered to conduct business in the State of Maryland, operates multiple retail stores within the State of Maryland, and maintains a resident agent in Baltimore County, Maryland.

1

**Jurisdiction and Venue**

4.      This Honorable Court enjoys jurisdiction over the instant controversy, pursuant to the allowances of Section 1331 of Title 28 of the United States Code, as Mr. Zwanetz alleges herein, *inter alia*, a violation of the Fair Labor Standards Act of 1938 as codified at Section 203, *et seq.* of Title 29 of the United States Code (the "FLSA").

5.      This Honorable Court further enjoys jurisdiction over the instant controversy, pursuant to the allowances of Section 1332 of Title 28 of the United States Code, as Mr. Zwanetz is a citizen of the State of Maryland and Costco is a citizen of the State of Washington by virtue of being formed pursuant to the laws of the State of Washington and having its primary place of business in the State of Washington, with the amount in controversy herein exceeding Seventy Five Thousand Dollars and No Cents ($75,000.00).

6.      Venue is properly laid in this Honorable Court, pursuant to the allowances of Section 1391 of Title 28 of the United States Code, as a substantial portion of the work for which Mr. Zwanetz was not compensated in accord with federal and state law occurred in the State of Maryland.

7.      Venue is properly laid in the Northern Division of this Honorable Court, pursuant to the allowances of Local Rule 501(b)(i) and Local Rule 501(b)(iii), as Mr. Zwanetz resides in Howard County, Maryland.

**General Allegations: Job Description & Failure to Pay Overtime**

8.      Costco operates a series of eponymous large retail shopping centers throughout the United States.

9.      While a typical Costco store primarily sells products in bulk quantities, these stores also operate as fora for myriad rotating display stands at which specialty products are sold by one or more salespersons.

10.     These display stands are not permanent fixtures but, rather, are used to sell inventory made available in a given store for a fixed duration of time – often ten (10) to fourteen (14) days – before being moved to another Costco store where the inventory is pitched to a different segment of the population.

11.     Mr. Zwanetz was formerly employed by a vendor (the "Vendor") who imports a line of jewelry sold exclusively at Costco stores and on the internet.

12.     Mr. Zwanetz worked as one of the Vendor's salespersons from early 2014 until in or about February 2019, going from one Costco location to another – typically for a period of approximately ten (10) to fourteen (14) days per location – selling jewelry at a display stand.

13.     Mr. Zwanetz primarily serviced Costco locations in the Mid-Atlantic United States, with his frequent places of work being in the State of Maryland, the District of Columbia, the Commonwealth of Virginia, the State of Delaware, and the Commonwealth of Pennsylvania, though he has been dispatched by the Defendant to work at other Costco locations from time to time.

14.     As an employee of the Defendant, Mr. Zwanetz was required to appear at the Costco store at which he is stationed, prior to opening, and remain at his display stand until after the correlative store closes.

15.     While the hours of Costco stores vary from location to location – and, in some instances, season to season – a typical store would require Mr. Zwanetz to be present on weekdays, prior to its opening at 10:00 am, and remain at the display stand until after the correlative store

closes at 8:30 pm, with weekend hours being from before 9:30 am until after 6:00 pm on Saturdays, and from before 10:00 am until after 6:00 pm on Sundays.

16.     Additionally, before his first day at each location, Mr. Zwanetz was required to travel to the given Costco, and appear around closing time the evening before the display is to begin, to construct the display stand, which can take several hours.

17.     Additionally, after his final day at each location, Mr. Zwanetz was required to stay after closing to disassemble his display stand, pack the Vendor's jewelry into boxes, and move them to his car, for ultimate storage in his vehicle or his personal garage between shows.

18.     Mr. Zwanetz has worked more than one hundred three (100) different display stand operations, averaging approximately twenty (20) per year.

19.     In the calendar year 2015, Mr. Zwanetz operated a display stand inside a Costco store on at least two hundred nine (209) days.

20.     In the calendar year 2016, Mr. Zwanetz operated a display stand inside a Costco store on at least two hundred twenty one (221) days.

21.     In the calendar year 2017, Mr. Zwanetz operated a display stand inside a Costco store on at least two hundred nine (209) days.

22.     For the calendar year 2018, Mr. Zwanetz operated a display stand inside a Costco store on at least two hundred twenty five (225) days.

23.     When Mr. Zwanetz would sell jewelry at his display stand, it would be given to a customer who would then pay for the same at a Costco checkout point, with Costco handling all monetary aspects of the given transaction.

24.     Costco dictated which store Mr. Zwanetz was to work out of at any given point in time, the number of consecutive days during which he was positioned at such store, the hour at

which he was required to appear before the opening of said store each morning, and how long he was to remain in said store after its advertised closing time each evening.

25.     Mr. Zwanetz was compensated at the rate of One Hundred Eighty Five Dollars and No Cents ($185.00) per day.

26.     Mr. Zwanetz typically worked more than eighty (80) hours per week while operating a display stand at Costco, with at least sixty nine (69) of such hours being while the store is "open;" at least seven (7) such hours being the thirty (30) minutes before opening – and after closing – during which Mr. Zwanetz was required by Costco to be present at the display stand; and at least four (4) such hours being the time he would spend constructing his display stand when arriving at a new Costco location or disassembling the same stand when leaving.

27.     Pursuant to Section 207(a) of Title 29 of the United States Code, Mr. Zwanetz is entitled to be compensated "at a rate of not less than one and one-half times the regular rate at which he is employed" for all hours worked, in excess of forty (40) hours, in a given week.

28.     Neither the Defendant nor the Vendor paid Mr. Zwanetz any money for the hours he works in excess of forty (40) per week, much less "one and one-half times the regular rate at which he is employed."

29.     Mr. Zwanetz's income for the calendar year 2017, as reported on the form W-2 issued him by the Vendor's affiliate, was Forty Nine Thousand Six Hundred Fifty Six Dollars and Twenty Five Cents ($49,656.25).

30.     While Mr. Zwanetz's income did include various sales-based bonusses, they were *de minimis* relative to the aforementioned wage of One Hundred Eighty Five Dollars and No Cents ($185.00) per day that gave rise to the majority of his pay, and totaled less than one fifth (1/5) of his total pay.

5

**General Allegations: Joint Employment**

31.     Mr. Zwanetz was, at all times relevant, a joint employee of the Vendor and Costco, within the definitional ambit of the Fair Labor Standards Act.

32.     Specifically, while Mr. Zwanetz was expressly employed by the Vendor, all of the products he sold were so done so through Costco's checkout counters, his hours were dictated by Costco, the location at which he was to work on any given day was dictated by Costco, Costco economically profited and benefited off of his work through its retention of a portion of the monies it collected at its own checkout counters, express Costco employees covered for him if and when he needed to take a bathroom break, he interacted only with Costco customers, the location of his display stand in each store was dictated by Costco management, the time he arrived to construct his display stand in each store was dictated by Costco management, he was required to check in with Costco management when first appearing at a given store, and the number of consecutive days at which he was present in any one location was dictated by Costco.

**General Allegations: Retaliation**

33.     On November 17, 2018, Mr. Zwanetz brought suit in this Honorable Court, against Costco and the Vendor (together with the payroll entity maintained by the Vendor), for, *inter alia*, violation of the FLSA (the "First Zwanetz Suit").

34.     Shortly after the First Zwanetz Suit was filed by Mr. Zwanetz, Costco terminated the Vendor and, in so doing, caused Mr. Zwanetz' employment (as well as that of all other salespersons falling within the ambit of the First Zwanetz Suit, which was brought as a collective action) to be terminated.

35.     Rather than correct its unlawful labor practices and pay Mr. Zwanetz the wage to which he is lawfully entitled – inclusive of overtime – on a forward-looking basis, Costco elected to simply cause all persons within the class proposed by the First Zwanetz Suit to be terminated.

36.     This action on the part of Costco amounted to the discharge of Mr. Zwanetz from his joint employment with Costco, in contravention of Section 215(a)(3) of Title 29 of the United States Code.

37.     This action on the part of Costco constituted discrimination against Mr. Zwanetz, by Costco, because Mr. Zwanetz filed a complaint for relief under the FLSA.

**Count I – Violation of the Fair Labor Standards Act**

38.     Mr. Zwanetz repeats and realleges each of the foregoing paragraphs of this Complaint as though fully set forth herein.

39.     The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(l).

40.     The Defendant was and is subject to the overtime pay requirements of the FLSA because it was and is an enterprise engaged in commerce.

41.     The gross annual volume of sales made by the Defendant, for each relevant year, has been not less than Five Hundred Thousand Dollars and No Cents ($500,000.00).

42.     Pursuant to Section 207(a) of Title 29 of the United States Code, Mr. Zwanetz is entitled to be compensated "at a rate of not less than one and one-half times the regular rate at which he is employed" for all hours worked, in excess of forty (40) hours, in a given week.

43.     The Defendant violated the FLSA by not paying Mr. Zwanetz the overtime to which he was entitled under the foregoing allowance of the FLSA.

44.     Mr. Zwanetz does not fall within any of the exemptions delineated in Section 213 of Title 29 of the United States Code.

45.     Mr. Zwanetz is a victim of a uniform company-wide compensation policy which has deprived him of the overtime compensation to which he is entitled.

46.     The Defendant acted willfully and either knew that its conduct violates the FLSA or showed reckless disregard for the matter of whether its conduct violates the FLSA.

47.     The Defendant has not acted in good faith with respect to the conduct alleged herein.

48.     As a result of Defendant's violations of the FLSA, Mr. Zwanetz incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to the allowances of Section 216 of Title 29 of the United States Code.

WHEREFORE, Mr. Zwanetz respectfully prays this Honorable Court (i) enter judgment against the Defendant, and in his favor, for unpaid wages in a sum to be proven at trial, liquidated damages equal to unpaid wages in a sum to be proven at trial, attorneys' fees and the costs of litigation; and (ii) afford such other and further relief as may be just and proper.

### Count II – Violation of the Fair Labor Standards Act (Retaliation)

49.     Mr. Zwanetz repeats and realleges each of the foregoing paragraphs of this Complaint as though fully set forth herein.

50.     By terminating the Vendor and, directly resultantly, Mr. Zwanetz, in response to Mr. Zwanetz bringing the First Zwanetz Suit, Costco discharged Mr. Zwanetz because he brought the First Zwanetz Suit.

51.     By terminating the Vendor and, directly resultantly, Mr. Zwanetz, in response to Mr. Zwanetz bringing the First Zwanetz Suit, Costco discriminated against Mr. Zwanetz because he brought the First Zwanetz Suit.

52.     Costco's discrimination has caused Mr. Zwanetz to incur damages in the form of lost employment and, resultantly, a wholesale loss of compensation (though he has, since, managed to procure new work in accord with his obligation to mitigate damages).

53.     Costco's discrimination against Mr. Zwanetz has been willful and premeditated; in lieu of correcting its illegal labor practices, it simply fired the entire impacted workforce through termination of its relationship with the Vendor.

54.     Costco's retaliatory conduct is shocking to the conscious, violative of public policy, and serves to wholly undermine the protective provisions of the FLSA.

WHEREFORE, Mr. Zwanetz respectfully prays this Honorable Court (i) enter judgment against the Defendant, and in his favor, for unpaid wages in a sum to be proven at trial, liquidated damages equal to unpaid wages in a sum to be proven at trial, attorneys' fees and the costs of litigation; (ii) enter judgment against the Defendant for punitive damages in the sum of Five Million Dollars and No Cents ($5,000,000.00) as and for its wanton and egregious retaliatory conduct in violation of the FLSA; and (iii) afford such other and further relief as may be just and proper.

### Count III – Violation of the Maryland Wage and Hour Act

55.     Mr. Zwanetz repeats and realleges each of the foregoing paragraphs of this Complaint as though fully set forth herein.

56.     Section 3-415 of the Maryland Labor and Employment Article requires payment of "an overtime wage of at least 1.5 times the usual hourly wage."

57.     Mr. Zwanetz does not fall within any of the exemptions set forth in Section 3-401, *et seq.* of the Maryland Labor and Employment Article (the "Maryland Wage and Hour Act").

58.     In the calendar year 2016, Mr. Zwanetz worked at least eighty four (84) days in the State of Maryland.

59.     In the calendar year 2017, Mr. Zwanetz worked at least fifty two (52) days in the State of Maryland.

60.     In the calendar year 2018, Mr. Zwanetz worked at least eighty seven (87) days in the State of Maryland.

61.     Mr. Zwanetz has not been paid the overtime wages to which he is entitled, for his work in the State of Maryland, for the aforementioned periods of time.

WHEREFORE, Mr. Zwanetz respectfully prays this Honorable Court (i) enter judgment against the Defendant, and in his favor, in an amount equal to three (3) times the unpaid overtime wages to which he is entitled, together with his counsel feels and litigation costs, pursuant to the allowances of Section 3-507.2(b) of the Maryland Labor and Employment Article; and (ii) afford such other and further relief as may be just and proper.

**[JURY DEMAND AND SIGNATURE BLOCKS ON FOLLOWING PAGE]**

10

## Jury Demand

Pursuant to, and in accordance with, the allowances of Federal Rule of Civil Procedure 38, Mr. Zwanetz prays a trial by jury on all matters so triable.

Respectfully submitted,

/s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. 18071
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Telephone: 301-444-4600
Facsimile: 301-576-6885
Electronic Mail: mac@mbvesq.com

Brittany M. Woodman, Esq.
*Pro Hac Vice Forthcoming*
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Telephone: 301-444-4600
Facsimile: 301-576-6885
Electronic Mail: britt@mbvesq.com

*Counsel for Martin Zwanetz*